BOARD OF WATER COMMISSIONERS OF COHOES, Respondent, *v.* JANE ANN LANSING, Appellant.

The report or certificate of an officer is evidence only of facts which, by law, he is required or authorized to certify.

Where appraisers are appointed to determine the value of property to be taken for public purposes, not only the examination must be had, but the determination must be made at a meeting, at which all are present.

(Argued February 3; decided February 21, 1871.)

APPEAL from an order of the late General Term of the Supreme Court in the Third judicial district, confirming the report of the appraisers in proceedings taken by the respondents, the board of water commissioners of the village of Cohoes, to obtain the land of the appellant for the purpose of enlarging the water-works of the village of Cohoes, pursuant to chapter 177 of the Laws of 1856, as amended by chapter 744 of the Laws of 1868. This statute authorized the Supreme Court, on application, in case of disagreement between the water commissioners and the owner of any property, which may be required for the carrying out of the purposes of said act, to appoint three disinterested persons to examine the property, estimate the compensation, and report to the court what would be a just compensation for it.

On the 21st of September, 1868, an application was made to the General Term of the Supreme Court for the appointment of three disinterested persons to examine the property of Jane Ann Lansing, the appellant, and to report as to the compensation to be paid; and the court thereupon appointed three appraisers, Alva H. Tremain, David J. Norton, and Elias H. Ireland, who, after the examination of certain witnesses, when all were present, could not agree, and a report was afterward made and signed by Tremain and Norton, two of them, while Ireland submitted a minority report.

It appears by the affidavit of Ireland, the one of the appraisers who submitted the minority report, that he was not present when the report was made and signed by the other two; nor is there any evidence that he ever had notice that the other appraisers would meet for the making of their report, except that, in the report of the appraisers, Tremain and Norton, it is recited that all of the appraisers were present and acting.

*Lyman Tremain,* for the appellant.

*J. F. Crawford,* for the respondent.

RAPALLO, J.   The affidavit of Ireland, although not positive, in some of its statements, is sufficient, in the absence of any contradictory evidence, to show that he was not present when the decision of the two appraisers, who made the report was arrived at, or when the report was signed.

The unsworn certificate of the proceedings of the appraisers, and the statements of fact contained in their report, were not entitled to be considered as evidence upon that point.

The act of 1856 does not direct or authorize the making of any such certificate, nor is any authority given by the act to the appraisers to report anything except the sum which they may estimate. . The report or certificate of an officer is evidence only of facts which by law he is required or authorized to certify.   In this case the act simply required the three persons to examine the property and estimate a sum, and to report that sum.

The compensation in this case was fixed and the report made by only two persons.   There was no competent evidence that they rendered their decision at a meeting at which the three were present, but the proofs presented to the court tended to establish the contrary.   There is no ground, therefore, upon which the proceeding can be sustained, even if the rule that a majority can decide is applicable to a case of this description, when less than three concur in a decision.

It is consequently unnecessary to determine whether the act of 1856, by authorizing the appointment of three persons to *estimate* the compensation, complies with the requirement of the constitution, that the compensation be *ascertained* by not less than three commissioners, nor the further question whether, if such an estimate as is provided for by the act be sufficient, it is necessary that at least three appraisers should agree in the estimate.

The order appealed from should be reversed, and the motion to confirm the report should be denied, with costs.

All the judges concurring, order reversed.