The Ohio and Mississippi Railway Company

*v.*

Clara Barker *et al.*

*Filed at Mt. Vernon June 16, 1888.*

1. Description—*as to land conveyed by deed—right of way.* A deed to a railway company described the property as "all the line of railroad heretofore belonging to the Springfield and Illinois Southeastern Railway Company, * * * together with the right of way, and all the real and personal property late of the said railway company," and also further described the property as "in any manner used or appropriated for the operating and maintaining of said line of road:" *Held,* that the latter words do not describe an additional kind or title of property intended to be conveyed, but simply describe the use to which the property conveyed had theretofore been devoted.

2. Color of title—*of its extent—according to description in deed.* A deed is color of title only of that which is shown upon its face, or otherwise, to be within the description of the grant. When it purports to convey all the right of way, etc., which before belonged to a certain railway company named, it is not color of title to any tract of land not shown to have been the right of way of the company therein named.

Appeal from the Circuit Court of Clay county; the Hon. C. S. Conger, Judge, presiding.

This was an action of ejectment, in the Clay circuit court, by Clara Barker, Henry Barker, Harvey Barker, John Barker, Ella Barker and Matilda Barker, against the Ohio and Mississippi Railway Company. The declaration contains but one count, and it recites that the plaintiffs were possessed of certain premises situated in the said county of Clay, and State of Illinois, and described as follows, to-wit: A strip of land running through the south-east quarter of the south-west quarter of section 2, town 3, range 6, the said strip being one hundred feet wide, and the center of the track of the Ohio and Mississippi railroad being the center line of said strip; and being so possessed thereof, the said defendant afterwards,—to-wit, on January 30, 1870,—entered into such premises,

and it unlawfully withholds from said plaintiffs the possession thereof; and said plaintiffs aver that they claim title to said premises in fee, wherefore the said plaintiffs say that they are injured, and have sustained damages to a large amount,— to-wit, $100,—and therefore they bring suit, etc. Not guilty was pleaded, and by agreement of parties the cause was tried by the court, without the intervention of a jury.

The plaintiffs, to maintain the issues on their part, gave in evidence to the court, sitting as a jury, the conveyances showing a connected title in fee from the government to them, to the south-east quarter of the south-west quarter of section 2, town 3, range 6. Defendant, to maintain the issue on its part, gave in evidence a deed of conveyance dated September 15, 1874, of J. A. Jones, master in chancery of the Circuit Court of the United States for the Southern District of Illinois, under decree of foreclosure made by said court in a certain cause on the chancery side thereof, wherein the Farmers' Loan and Trust Company of New York, as trustee, was complainant, and the Springfield and Illinois Southeastern Railway Company, a corporation of the State of Illinois, was defendant, by which deed was conveyed to M. Hildreth Bloodgood "all the line of railroad heretofore belonging to the Springfield and Illinois Southeastern Railway Company, extending from Shawneetown, in the county of Gallatin, on the Ohio river, north-westerly, through or touching at the towns of Fairfield, Wayne county, Louisville, Clay county, Pana and Taylorville, in Christian county, Springfield, in Sangamon county, to Beardstown, together with the right of way, and all the real and personal property late of the said railway company, in any manner used or appropriated for the operating and maintaining of said line of road," etc.; also, deeds showing that said railroad property was conveyed by the said M. Hildreth Bloodgood to Frederick Schuchardt and John Bloodgood, by deed dated January 28, 1875, and by said Schuchardt and wife, and Bloodgood and wife, to Daniel Torrence, by deed

dated January 29, 1875, and by said Torrence and wife to the
Ohio and Mississippi Railway Company, the defendant, by
deed dated January 30, 1875; and also showed that said line
of railroad ran through and occupied the strip of land in ques-
tion prior to and at the time of said conveyance; that defend-
ant had, since the date of said last mentioned conveyance, and
up to the date of the bringing of this action, continuously been
in possession of, and had occupied by its railroad, a portion
of said strip of land in the declaration described, about fifty
feet through the center thereof, and had, during said time,
used said strip as its right of way, claiming title in good faith;
that the right of way of said company through said land had
been annually assessed by the State Board of Equalization as
railroad right of way, and the railroad tax-books describe $18\frac{40}{100}$
acres, and eight thousand one hundred and thirty-five feet in
length of right of way, in said section, and that it, the defend-
ant, had annually paid all taxes assessed on the right of way
of said railroad through said county, from the year 1876 to the
year 1887, both inclusive, as shown by tax receipts introduced,
giving the dates and amounts of said payments. Plaintiffs,
in rebuttal, then showed payment on their account, annually,
of all taxes assessed during the same period against the said
south-east quarter of the south-west quarter of said section 2,
through which the said strip of land described in said decla-
ration runs, said strip not having been excepted therefrom in
the assessment and levy of taxes on said tract, but not of the
taxes assessed on the said right of way, against the railroad
company, which were paid by said company, as above stated,
and that they had cultivated a portion of said strip from time
to time, except said fifty feet, said strip not being fenced apart
from their farm at the sides thereof, though cattle-guards and
wing-fences, fifty feet in length, on either side thereof, had
been maintained by the defendant at either end of said strip,—
which was all the evidence offered by either of the said parties.
And thereupon the court gave judgment against the defendant,

to which the defendant then and there excepted, whereupon counsel for defendant filed a motion for a new trial, which was overruled by the court, to which the defendant then and there excepted.

Messrs. Pollard & Werner, for the appellant.

Mr. Rufus Cope, for the appellees.

Mr. Justice Scholfield delivered the opinion of the Court:

The description of the property conveyed to appellee is, "all the line of railroad heretofore belonging to the Springfield and Illinois Southeastern Railway Company,   *   *   *   together with the right of way, and all the real and personal property late of the said railway company." The subsequent words, "in any manner used or appropriated for the operating and maintaining of said line of road," do not describe an additional kind or title of the property intended to be conveyed, but describe simply the use to which the property intended to be conveyed has heretofore been devoted; and so we must first ascertain whether the property in suit is a part of "the line of railway heretofore belonging to the Springfield and Illinois Southeastern Railway Company," or whether it is a part of "the right of way late of the said railway company." The words, "right of way late of said railway company," plainly can only mean right of way owned by said company, for the property of and the property owned by an individual or corporation, as commonly used and understood, mean precisely the same thing. There is no evidence in this record that the land in suit is a part of the line of railway heretofore belonging to the Springfield and Illinois Southeastern Railway Company, or that it is a part of the right of way *owned* by that company. The deed is only color of title of that which is shown to be within the description of the grant, and is therefore, under

this evidence, not color of title to this land. *Stumpf* v. *Oster-hage,* 111 Ill. 82; *Holbrook* v. *Forsythe,* 112 id. 306.

There being wanting proof of color of title, the judgment below is right, and it must be affirmed.

*Judgment affirmed.*