P. H. Montgomery, Collector, *et al.*

*v.*

Martha L. Wyman *et al.*

*Filed at Mt.Vernon October 31, 1889.*

1. Taxation — *exemption* — *strict construction.* All laws exempting property from taxation are to be strictly construed, and all reasonable intendments will be indulged in favor of the State, and all doubts solved in its favor.

2. Same — *exemption* — *institutions of learning.* Property, real or personal, used in carrying on and promoting the business of an institution of learning, in order to be exempt from taxation, must be the property of such institution, and it must not be "leased by such institutions, or otherwise used with a view to profit. Such property must be used exclusively for purposes of education or learning."

3. Land owned by a wife, with personal property belonging to both the husband and the wife, was devoted exclusively to the support and carrying on by them of an institution of learning, and had been so used and devoted for several years. There was no society composing or carrying on the institution, and the title of the property continued in the husband and wife, and there were some profits derived from the business, from which the owners of the property derived a support, there being no understanding or agreement in respect to rent or pay for the services of the husband and the wife : *Held,* that neither the real nor the personal property was exempt from taxation.

4. Private school houses, or houses of learning used for educational purposes or as institutions of learning, and with a view to profit, are not exempt from taxation.

Appeal from the Circuit Court of Madison county ; the Hon. William H. Snyder, Judge, presiding.

Mr. George F. McNulty, State's attorney, for the appellants :

All laws exempting property from taxation will be strictly construed, and all doubts solved in favor of the State. *In re Swigert,* 123 Ill. 267 ; 119 id. 83 ; *People v. Seamen's Friend,* 87 id. 246 ; Cooley on Taxation, 54 ; *Theological Seminary v. People,* 101 Ill. 579.

Under the tax exemption laws of Illinois, private schools or institutes are not exempt from taxation, nor are educational institutions, when conducted with a view to profit. *Northwestern University* v. *People*, 80 Ill. 333; 86 id. 141; *Frederick County* v. *Sisters*, 48 Md. 34; *Gerke* v. *Purcell*, 25 Ohio St. 229; *Appeal Tax Court* v. *St. Peters*, 50 Md. 321; *Appeal Tax Court* v. *Grand Lodge*, id. 421; *Library Association* v. *Pelton*, 36 Ohio, 253; *Chegary* v. *Mayor*, 13 N. Y. 220; *Willard* v. *Pike*, 57 Vt. 202; *Humphries* v. *Little Sisters*, 29 Ohio, 206; *Mayor* v. *Ward*, 16 Lea, 27.

This property being used in part for dwellings, is certainly, as to such part, liable to taxation. *Red* v. *Johnson*, 53 Texas, 284; *Wyman* v. *St. Louis*, 17 Mo. 335; *State* v. *Ross*, 24 N. J. 497.

This property belonged to Mrs. Wyman, but the school was conducted by her husband. Even if it is such a school as is exempt from taxation, the property is not exempt if another than the owner conducts the school. *Pace* v. *County Comrs.* 20 Ill. 645; *Armand* v. *Dumas*, 28 La. Ann. 403.

This case is appealed to settle the question whether private schools are exempt from taxation, and what "institutions of learning" are exempt. The facts are, for the most part, admitted, but the legal effect of these facts is disputed. There is no dispute that the property assessed and taxed is a school, or, as the owners put it, the "Wyman Institute—a home school for boys."

The appellants insist, first, it is a private school, and as such is liable to be taxed; second, if it is an institution of learning, within the meaning of our statute, as it is conducted for profit it is not exempt from taxation.

An institution of learning seems generally to be recognized by the courts as meaning an institution for higher learning,— such as universities,—and such institutions should be owned and conducted by a corporation chartered by the State for such purposes. This seems to be the tendency of the deci-

sions.   *Chegary* v. *Mayor*, 13 N. Y. 220 ;   *Gerke* v. *Purcell*, 25 Ohio St. 229 ;   *Indianapolis* v. *McLean*, 7 Ind. 328.

Property used for a profit is not exempt.   *M. E. Church* v. *Chicago*, 26 Ill. 482 ;   *Northwestern University* v. *People*, 80 id. 333 ;   86 id. 141 ;   *Pace* v. *County Comrs*. 20 id. 645 ;   *Gerke* v. *Purcell*, 25  Ohio St. 229 ;   *Hennepin*  v.  *Grace*, 27  Minn.  503.

Mr. John M. Holmes, for the appellees :

If any of the property involved is exempt, all of it is.   *Pierce* v. *Cambridge*, 2  Cush. 611 ;   *Female Seminary* v. *People*, 106 Ill. 398 ;   *Trustees* v. *State*, 46 Iowa, 275.

A literal interpretation of the language of the statute, and a strict construction thereof as against the claimants, will not exclude from the benefit of the exemption institutions of learning owned and conducted by private individuals.

The construction placed by other States upon their own statutes is not entitled to weight, when those statutes differ materially from the one under discussion.   The true principle of construction to apply is, that the statute should be so construed as to effectuate the object for which it was enacted. Potter's Dwarris on Stat. p. 175.

Under this rule of construction, as well as under the rule of literal interpretation and strict construction, institutions of learning owned by private parties, and conducted with a view to profit, are within the benefit of the statute.   *Lefranc* v. *City of New Orleans*, 27 La. Ann. 188.

It may be as well to separate the questions which have been definitely settled, from those which remain open to discussion, and thus narrow the range of inquiry.   In the first place, then, we contend, that inasmuch as the agreed statement shows that the property is all used for school purposes exclusively, is not leased or otherwise used for profit, and is no greater in extent than the requirements of the institution demand, it is all exempt from taxation, if any of it is.   The portions used for dwellings by the teachers and assistants, not being leased to

them, are exempt. *Female Seminary* v. *People*, 106 Ill. 398; *Trustees* v. *State*, 46 Iowa, 275; *Pierce* v. *Cambridge*, 2 Cush. 611.

Mr. HENRY S. BAKER, and Mr. HENRY S. BAKER, Jr., also for the appellees:

The remedy by injunction is a proper one, where property exempt by law from taxation has been assessed. Cooley on Taxation, chap. 24, p. 540; High on Injunctions, p. 200, sec. 357; *Vieley* v. *Thompson*, 44 Ill. 9; *Railroad Co.* v. *Cole*, 75 id. 591; *Porter* v. *Railroad Co.* 76 id. 561; *Town of Lebanon* v. *Railroad Co.* 77 id. 539; *Railroad Co.* v. *Johnson*, 108 id. 11; *Railroad Co.* v. *Hodges*, 113 id. 323.

The real and personal property mentioned and set forth in the bill of complaint, constituting what is known as "Wyman Institute," is exempt from taxation. Const. of 1870, sec. 3, art. 9; Starr & Curtis' Stat. chap. 120, sec. 2, par. 1; Cooley on Taxation, pp. 145-172; *Northwestern University* v. *People*, 80 Ill. 333; *Theological Seminary* v. *People*, 101 id. 580; *Female Seminary* v. *People*, 106 id. 398; *Lefranc* v. *City of New Orleans*, 27 La. Ann. 188; *Pierce* v. *Cambridge*, 2 Cush. 611.

Mr. JOHN M. PALMER, also for the appellees.

Mr. GEORGE HUNT, Attorney General, and Mr. GEORGE F. McNULTA, for the appellants, in reply.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Martha L. Wyman and Edward Wyman exhibited their bill of complaint, alleging they were the owners, proprietors and conductors of an institution of learning called "Wyman Institute," located at Upper Alton, Illinois, and praying an injunction restraining the collection of the taxes levied for the year 1887 on the real estate upon which said institution was situated and maintained, and on the furniture and personal property connected therewith, and used exclusively in carrying

·it on.  Upon the filing of the bill a preliminary injunction was issued.  Answer and replication were filed.  While the suit was pending in the circuit court, the death of Edward Wyman was suggested, and his administrator, George H. Smiley, substituted as a party complainant.  The cause was heard upon an agreed state of facts, the deposition of Martha L. Wyman being attached to and considered a part thereof.  These facts are sufficiently hereinafter stated in this opinion.  The final decree of the court made the injunction perpetual.

The claim of appellees is, that the real estate and personal property in question are exempt from taxation.

Section 3, of article 9, of the State constitution, provides : "The property of the State, counties, and other municipal corporations, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation ; but such exemption shall be only by general law."  In section 2 of the Revenue law it is provided, among other things, as follows : "All property described in this section, to the extent herein limited, shall be exempt from taxation,—that is to say : first, all lands donated by the United States for school purposes, not sold or leased ; all public school houses ; all property of institutions of learning, including the real estate on which the institutions are located, not leased by such institutions or otherwise used with a view to profit."

That by the canons of construction all laws exempting property from taxation are to be strictly construed, and all reasonable intendments indulged in favor of the State, and all doubts solved in its favor and against exemptions, goes without saying.  The expression "institution of learning," is broad enough to include every description of enterprise undertaken for educational purposes which is of higher grade than the public schools provided for in the statutes, and is not necessarily limited to either public or incorporated enterprises, or to both.

Ordinarily, the word "institution" implies an established and organized society; but here, the words "institution of learning" seem to refer, not so much to the society or person or persons in control of the enterprise, as to the institution itself,—that is to say, the *thing* which is established, founded or instituted. That which is exempt from taxation is the property of the institution of learning, which plainly means the property owned by the institution. The property of and the property owned by an individual or corporation, as commonly used and understood, mean precisely the same thing. (*Ohio and Mississippi Ry. Co.* v. *Barker*, 125 Ill. 303.) No matter where the legal title to the property may be vested, it is sufficient for the operation of the statute if the institution is the ultimate or beneficiary owner. Most usually the title is held by the society or corporation which manages and controls the institution of learning; but not necessarily so, for there may be no corporation or organized society and yet be an "institution of learning," in respect to which the ownership of property, within the true intent and meaning of the law, can be predicated. But in such case, it would seem, there must, in the nature of things, be a trustee or trustees, to hold the legal title to the property in trust for the purposes and objects of the institution of learning. The idea of ownership of property can only be connected with that which we call an institution of learning by means of the interposition of either a society or corporation or a trust. If the title is in the controlling corporation, or if it is vested in a trustee or trustees, for the objects to be accomplished through the instrumentality of the institution, in either event the property is, within the contemplation of the statute, the property of the institution of learning.

In *The People* v. *Anderson*, 117 Ill. 50, Anderson owned the lots, and erected a meeting house on two of them, and the latter were used exclusively for religious purposes, but the congregation which worshipped there was not incorporated or in any manner organized, and at any time Anderson saw proper

the congregation might have been excluded from the use of the property, and it was held the property was not exempt from taxation, since church property, to be so exempt, must be owned by the congregation.

The constitution of the State of Ohio used the expressions, "public school houses," and "institutions of purely public charity," and the statute exempted from taxation "all public school houses, * * * all public colleges, public academies, all buildings connected with the same, and all lands connected with public institutions of learning not used with a view to profit." In *Gerke* v.·*Purcell*, 25 Ohio St. 229, it was held that the parochial schools, with their play grounds, were exempt from taxation; that while they were not "public school houses," in the sense of the constitution, yet, inasmuch as they were open to the entire community, they were "institutions of purely public charity," within the meaning of the constitution, and that the word "public," as applied in the statute to school houses, colleges, academies, and other institutions of learning, is descriptive of the uses to which the property is devoted, and is not used to describe the ownership of property. But in that case, while the bare legal title was vested in Archbishop Purcell, he was not the real owner of the property, but held the same in trust, to be used for parochial schools.

In the case now under consideration, the real estate was all occupied by the institute, and, in one sense, devoted exclusively to the purposes and objects of the institution, and the personal property used by and in the institution was all a necessary part and adjunct of the institute, and no part of it was used or employed otherwise than in connection with and for said school. But it is a part of the agreed state of facts that the title to the real estate was in the appellee Martha L. Wyman, and that the same was exclusively and individually her property, and that the personal property was owned jointly by her and her now deceased husband, and that no other person or persons had, at the time of the assessment for taxation,

any interest in or title to any of the real estate or personal property, and that after the payment of all the expenses of the school there remained a surplus or profit from the institution, and that the institute, in addition to said profits, furnished a means of livelihood to appellee Martha L. Wyman, and her now deceased husband, Edward Wyman, and that said institute had been in operation for about nine years, and that during that time the complainants in the bill, Edward and Martha L. Wyman, devoted their exclusive attention and all their abilities to it. The deposition of Mrs. Wyman was also made a part of the agreed state of facts, and it appears therefrom that the school was conducted by both the complainants in the bill; that Prof. Wyman managed the educational part of the institute; that Mrs. Wyman furnished her real estate and her attendance upon the home department of the school; that there was no agreement or understanding as to compensation for the services of either, or as to rents or other remuneration for the use of the property, and that Mrs. Wyman had no distinct interest in the profits, but received from the school such support as a wife usually receives from her husband.

All property is, under the constitution, primarily subject to taxation. One of the conditions of exemption from such burden, under the statute enacted in conformity with the constitution, is, that the property connected with an institution of learning, in order to be exempted, must be the property of the institution. Here, all the property involved was the personal, exclusive and absolute property of either Mrs. Wyman, individually, or of her jointly with her husband. The institute had no property right in the premises, either legal or equitable. At any time Prof. and Mrs. Wyman saw fit, they had a perfect right to stop the school, exclude the institution from the premises and from the use of all the property, and close the institute itself. In other words, that which is called "Wyman Institute," although a school and institution of learning of

high character, was, from a legal standpoint, but private prop-
erty belonging to the complainants, one or both, and was not
only incapable of holding the legal or equitable title to prop-
erty, but neither it, nor the lands upon which it was located,
nor the personalty connected therewith, were the subjects of
a trust which the courts could recognize or enforce at the
instance of the public or of any supposed beneficiary or bene-
ficiaries, either natural or artificial.

Our conclusion, then, is, that the property described in the
bill of complaint can not be regarded as the property of an
institution of learning, and that essential element being ab-
sent, such property can not properly be adjudged exempt from
taxation.

It is also required by the statute, in order that the property
should be exempt from taxation, that it should not be "leased
by such institutions, or otherwise used with a view to profit."
The constitution, as we have seen, provides that property used
exclusively for school purposes may be exempted, by general
law, from taxation.    The General Assembly, therefore, could
rightfully exempt only such property as is used exclusively
for the attainment of the objects of the institution of learning,
and it can not be understood that the statute is broader in
its scope than the constitution itself.    The premises in ques-
tion were all occupied by the institute, and devoted exclusively
to the purposes and objects of the institution, and the personal
property was a necessary part of and adjunct to the institute.
But to conclude from these statements that the property was
used exclusively for school purposes, and was not used with
a view to profit, would be to stick in the bark.    It seems, from
the record, the "Wyman Institute" is so conducted as that
there is an actual profit; but whether this were so or not is
wholly immaterial, if only it was conducted "with a view to
profit."    It appears, further, that these profits did not belong
to the institute, but to Prof. and Mrs. Wyman, one or both,—
one of them owning the realty, and the two owning the per-

sonalty, and both of them giving their time and services to the institution.

It can not be otherwise than that these profits, whether actual or merely contemplated, grow out of the use of the property upon which the school is located, and with and by which the school is conducted. It is true, the property is not leased; but the other clause of the statute, "otherwise used with a view to profit," embraces within its terms and meaning all ways, other than by leasing, in or by which property may be used so as to realize a profit. If these taxes in controversy were abated, the benefits therefrom would be personal benefits to the proprietors of the school, and if they were paid, the burden would be borne by them personally. Even if we could assume that in some indirect way the institute gets the benefit of the profits, and thereby would be affected by the payment or non-payment of the taxes, yet, after all, the institute is but a private business enterprise of its proprietors, and the ultimate profit or loss is to them. It does not appear it is intended that the institute or the course of education shall reap the benefit of any part of these profits, and if it did, the property would not be within the statute without it further affirmatively appeared the whole of such profits were intended and applied exclusively in furtherance of the purposes of the institution.

It seems to be assumed by appellees that the decision of this court in *Monticello Seminary* v. *The People*, 106 Ill. 398, is an authority in their favor, and decisive of this case. There are two marked distinctions between that case and this: There, Monticello Seminary was a corporation created by a special charter granted in 1843, and the lands involved were the property of that institution of learning; while here the property is the exclusive property of individuals, held in their own right. There, the lands were not used with a view to profit, but used strictly in the carrying on of the seminary, and exclusively for that purpose, what was realized over and above actual expenses being used as a fund for the education of indigent

females; while here the profits of the school remaining after the payment of expenses are retained by the proprietors of the school and owners of the property.

The fact that by section 2 of the Revenue act it is provided that all public school houses shall be exempt from taxation, implies that private school houses in which are taught, with a view to private profit, the rudimentary branches of education, such as are ordinarily taught in the public schools, are subject to taxation. It is not perceived, from the act; that it was the legislative intention, while thus leaving schools of this inferior grade, which are maintained for private and personal gain, subject to taxation, at the same time to relieve therefrom schools of the grade of "institutions of learning," which are likewise maintained for private and personal gain and profit, whether maintained by an individual or by a corporation. No reasonable or just ground for such a discrimination is apparent, nor is it manifest such discrimination is in fact made by the statute. It undoubtedly is the legislative policy to encourage and foster "institutions of learning," thereby affording opportunities for a higher education; and this is done by not limiting the exemption from taxation to such institutions as are public and sustained by the State, but extending it to all "institutions of learning," however managed and controlled,—whether by a corporation or by an individual,—but subject, however, to the restrictions that the property so to be exempted shall be owned by the institution, and shall not be leased or otherwise used with a view to profit. In order such property shall be exempt from taxation it must be dedicated to a use favored by law, and it may thus be dedicated by being owned by an institution of learning which has a corporate existence which authorizes it to hold the title to property, or by having the title thereto vested in a trustee or trustees, solely for the uses and purposes of the institution of learning; and in either event it must not be used with a view to profit. It is not contemplated by the constitution, or in-

tended by the statute, that property owned by an individual in his or her own right, and used for his or her own gain and profit, or owned by a corporation formed with a view to profits and dividends to be paid to the stockholders, should be free from the burdens of taxation. Such an exemption would be violative of the principle of uniformity and equality of taxation prescribed by the constitution.

In our opinion, the circuit court erred in holding that the real estate and personal property described in the bill of complaint were exempt from taxation, in enjoining appellants from collecting the taxes due thereon for the year 1887, and in not dismissing the bill of complaint.

The decree is reversed, and the cause remanded, with directions to dismiss the bill at the cost of the complainants therein.

*Decree reversed.*