The Ohio and Mississippi Railway Company

*v.*

Clara Barker *et al.*

*Filed at Mt. Vernon November 5, 1890.*

1. Eminent domain—*commissioners to assess—all must act.* Under the act of 1852, relating to condemnation for right of way, the three commissioners appointed to fix the compensation and assess the damages for land taken by a railway company for right of way were all required to qualify, and must endeavor to agree. And unless all the commissioners were sworn, and acted together, their report will not authorize a judgment of condemnation.

2. Where the statute directs that three commissioners, when qualified, shall assess the damages to be paid for the taking of land for the public use, if they all qualify and meet, and attempt to agree, the decision or report of two of them will doubtless be binding; but when only two qualify or act together their award or assessment will not be binding, unless the owner ratifies the act by accepting the damages.

Appeal from the Circuit Court of Clay county; the Hon. C. S. Conger, Judge, presiding.

Messrs. Pollard & Werner, for the appellant:

The papers produced on the second trial constitute a complete condemnation proceeding. As the commissioners allowed no compensation or damages, and no appeal was taken from their decision, the right and title to the land vested in the company, with the right to enter and use the same.

Mr. Rufus Cope, for the appellee:

The petition for the condemnation does not describe the land in question. Only two of the commissioners acted. Conceding that the award of the majority is binding, the authority is conferred upon them, and a less number are without authority to act. *Ballard* v. *Davis*, 31 Miss. 525; *Ex parte Rogers*, 7 Conn. 526; *Ex parte Wilcox*, id. 402; *Charles* v.

*Hoboken,* 3 Dutch. 203; *Young* v. *Buckingham,* 5 Ohio, 485; Dillon on Mun. Corp. 757.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

This case was before us at a former term, and will be found reported as *Ohio and Mississippi Ry. Co.* v. *Barker et al.* 125 Ill. 303. A new trial was taken under the statute, and judgment was rendered by the circuit court, upon that trial as upon the former one, in favor of the plaintiff, and the case is again before us by the appeal of the defendant.

In our opinion, the present record differs in no material respect from the record before us when the case was here before, except that upon the last trial, what purported to be the record of condemnation of the property in controversy was offered in evidence, but rejected by the court,—and this ruling presents the only question to which we think it necessary to direct our attention.

The condemnation proceedings were intended to be pursuant to the provisions of the act relating to the condemnation of right of way, approved June 22, 1852. (Laws of 1852, p. 146, *et seq.*) The second section of that act required the appointment of three commissioners to fix compensation and assess damages, etc.; and the fifth section of the act required that the commissioners appointed should be sworn, and then meet at a time and place fixed by the court or judge, "and proceed without delay, upon view and inspection of the premises, as well as upon hearing the allegations and testimony of the parties interested, to fix the compensation to be made to each party or owner of lands, etc., and to also estimate and assess the damages sustained," etc. In the event the commissioners should be unable to agree, the estimate and assessment of any two of them would, doubtless, be sufficient; but they must all qualify, and meet and hear the evidence, and endeavor to agree and decide; (*Board of Comrs.* v. *Lansing,* 45 N. Y. 19;)

and the record failing to show a compliance with the statute in this respect, the order is a nullity. *People* v. *Williams,* 46 N. Y. 441; *People* v. *Hynds,* 30 id. 470.

The record offered in evidence shows the appointment of Henry C. Miner, Wesley Gelchin and Edward Fender as commissioners to make .estimates and assess damages. Miner and Gelchin only were sworn to discharge the duties of commissioners, and the report is signed only by Miner, and also by one Holden. Even if we shall assume that the name "Holden" is written by mistake, and that "Gelchin" was intended, (as to which there is no evidence,) the report is not signed by "Fender," and the record fails to show that he was ever sworn to act as a commissioner, or that he ever did act as such. The record is therefore insufficient to divest title, and it was properly excluded as evidence by the court.

The judgment is affirmed.

*Judgment affirmed.*