The People *ex rel.* David Gore, Auditor,

*v.*

The Young Men's Christian Association of Peoria.

*Filed at Springfield October 14, 1895.*

1. Taxes—*property of Y. M. C. A. leased for profit not exempt.* Real estate of a Young Men's Christian Association, the object of which association is "the improvement of the spiritual, mental, social and physical condition of young men," which real estate is leased to various tenants for profit, is not exempt from taxation under the second clause of section 2 of the Revenue act.

2. Whether property used exclusively in carrying out the object of such association would be exempt is not decided.

3. Same—*exemptions from taxation are strictly construed.* Laws exempting property from taxation will not be extended by construction, but must be strictly construed.

Heard on certification from the Auditor of Public Accounts of the State of Illinois, on objection of said Auditor to the decision of the board of supervisors of Peoria county.

M. T. Moloney, Attorney General, and T. J. Scofield and M. L. Newell, of counsel, for appellant.

Mr. Justice Wilkin delivered the opinion of the court:

This case is certified to us by the Auditor of Public Accounts under clause 3, section 97, of the Revenue act. The question for decision is, whether or not certain property belonging to the Young Men's Christian Association of Peoria is liable to taxation. The local assessor assessed it at $13,000. The board of supervisors of the county held it exempt, and ordered the assessment stricken out. The county clerk forwarded a statement of all the facts to the Auditor, who refused to approve the decision of the county board and sends the record here, with his objection to said decision, which is: "The statement of facts submitted shows that this property is not used for purely charitable or educational purposes, neither is it used exclusively for public worship. On the contrary, a large part of the building is rented to various tenants and a considerable yearly income derived therefrom. It is therefore used for profit, and is not, in the opinion of the Auditor, exempt from taxes." No brief or argument is filed on behalf of the owner of the property.

The material facts are: The Young Men's Christian Association of Peoria was incorporated under the statute of this State December 16, 1882, its stated object being "the improvement of the spiritual, mental, social and physical condition of young men." Thereafter it purchased the lot assessed, and erected a "substantial and expensive five-story brick and stone building, covering the entire lot." The statement of facts certified by the county clerk further shows that the rear one-third of the

building is, and has been since its erection, used exclusively for the purposes of said association, and consists of an auditorium room for the purpose of holding religious and other meetings, and other rooms used for a gymnasium, reading rooms, bath rooms, etc.; that the association also uses for its own purposes, for parlors, sitting rooms or reading rooms, the greater portion of the front two-thirds of the second story of the building, and the remainder not occupied and used by the association itself it rents to divers tenants, at an aggregate rental of about $11,000 per year. Among such tenants are a bank, a title guarantee and abstract company, a number of lawyers, dentists, doctors and insurance agents.

As we said in *People ex rel.* v. *Peoria Mercantile Library Association,* (*ante,* p. 369,) this property must be held liable to assessment and taxation under section 1 of the Revenue act, unless exempt by some provision found in the following section 2. Here, as there, no one of the ten clauses in section 2 is pointed out as exempting this class of property, nor can any such be found. If it be said it is in the nature of church property and falls within the terms of the second clause, the answer is, it was not exclusively used for public worship. Laws exempting property from taxation are not to be extended by construction, but must be strictly construed. Cooley on Taxation, (2d ed.) 205; *Montgomery* v. *Wyman,* 130 Ill. 17; *In the matter of Swigert,* 119 id. 83, and cases there cited.

As this case is presented it is unnecessary to decide whether or not property used exclusively in carrying out the object and purpose of this Young Men's Christian Association, as stated in its charter, would be liable to taxation. Certainly because a part of a building may be so used the whole does not become exempt.

We entertain no doubt as to the correctness of the objections and decision of the Auditor, and it is affirmed.

*Affirmed.*