## J. S. McCullough, Auditor, etc.
### *v.*
## The Board of Review of Peoria County.

*Opinion filed December 18, 1899.*

1. Taxes—*one claiming exemption must bring property within the law.* One claiming property to be exempt from taxation must clearly bring his property within the provisions of the law, since all doubts are resolved against the exemption.

2. Same—*when premises are not exempt as public school property.* A petition to a board of review asking to hold exempt from taxation property described as a play ground used "for the school in the rear of the premises," does not bring the property within section 2 of the Revenue law, (Rev. Stat. 1874, p. 857,) exempting from taxation "all public school houses," etc.

3. Same—*when premises are not exempt as property of an institution of learning.* Property described as used for a play ground by a "school" cannot be held exempt from taxation as the property of an "institution of learning," in the absence of any showing that a higher education is given in such school than in public schools.

4. Same—*when petition does not show that property is the property of a school.* A petition to a board of review which alleges that the petitioner, a catholic bishop, holds the title to premises used as a play ground for a school, without alleging it is held in trust, does not show that the property is the property of the school.

5. Same—*when play ground not exempt as property of a public charity.* Property described in a petition to a board of review merely as a play ground for a school cannot be regarded as the property of an institution of purely public charity, within the meaning of section 2 of the Revenue law.

Phillips, J., dissenting.

Appeal from the decision of the Board of Review of Peoria county.

E. C. Akin, Attorney General, (C. A. Hill, and B. D. Monroe, of counsel,) for appellant.

Mr. Chief Justice Cartwright delivered the opinion of the court:

A petition was presented to the board of review of Peoria county, as follows:

"*To the Honorable Board of Review, Peoria County, Illinois:*

"Gentlemen—Your petitioner, John L. Spaulding, catholic bishop of Peoria, would respectfully represent unto your honorable body that he holds the title to the property described on the assessment books returned by the township assessor of Peoria township for the year 1899, and described as follows, to-wit: Except part used for school, part of lots eleven (11) and twelve (12), in block twenty-four (24), in Flanagan's addition to Peoria. Petitioner further represents that this is the same property upon which the old St. Mary's Church formerly stood; that about one year ago the building was removed from said premises in order that the grounds could be used as a play ground for the school on the rear end of said premises. Said lot has been, since the removal of said buildings, and still is, used as a part of said school premises, and it is the intention that the same shall be continued to be used for such purposes only; that there is no revenue to be derived from the same, and that it is necessary to have such play grounds for the use of the children attending such school. Said premises being used solely for school purposes, they are, therefore, under the laws of the State of Illinois, not subject to taxation. Your petitioner would therefore petition your honorable body to have the assessment canceled and annulled as to the said property, and thus save petitioner the annoyance and necessity of going before the county court and objecting to a judgment obtained against said premises, at the next May term of the county court of said county, for the collection of the taxes assessed against the same.

"Trusting that your honorable body will grant the relief herein prayed, I remain,    Very respectfully yours,

J. L. Spaulding, *Bishop of Peoria.*

By Jos. P. Durkin, *Agent.*"

The board of review granted the prayer of the petition, and the clerk of the board made out and forwarded to the Auditor a statement, consisting of a copy of the petition and the action of the board, in pursuance of section 35 of the Revenue act of 1898. (Laws of 1898, p. 48.) The Auditor was of the opinion that the property was liable to taxation, and advised the board of his objections to the decision, and gave notice of an application to this court for an order reversing such decision. The Auditor has filed in this court a certified statement of the facts, together with his objections, as required by the statute.

The only facts appearing in the record are those stated in the petition, and the question is whether they are sufficient to justify the action of the board of review.

The constitution contemplates uniformity and equality of taxation according to value, but the legislature is authorized to exempt from taxation, by general law, certain classes of property. Where such an exemption is claimed, the facts must clearly bring the property within the provisions of the law exempting it, and all doubts will be resolved against the exemption. In pursuance of the authority given by the constitution, the legislature has exempted from taxation "all public school houses. All property of institutions of learning, including the real estate on which the institutions are located, not leased by such institutions or otherwise used with a view to profit." (Rev. Stat. chap. 120, sec. 2.) The petition says that the property in question is used as a play ground for the school on the rear end of the premises, and that the petitioner holds the title to the property. The law does not exempt all school houses, but only public school houses. (*People ex rel.* v. *Ryan,* 138 Ill. 263.) The facts stated do not bring the property within the description of a public school house, but negative the fact that it is such a school.

It does not appear from any fact stated that the school is an institution of learning, within the meaning of the

law exempting such property from taxation. In *Montgomery* v. *Wyman*, 130 Ill. 17, public and private schools and institutions of learning were classified, and it was said: "The expression 'institution of learning' is broad enough to include every description of enterprise undertaken for educational purposes which is of higher grade than the public schools provided for in the statutes." Public and private schools were defined to be schools of inferior grade, where instruction is given in the rudimentary branches of education, such as are ordinarily taught in the public schools, and institutions of learning to be such as afford opportunities for higher education. The petition does not state what kind of a school was kept on the rear end of said premises for which the grounds in question are used as a play ground. It does not state what branches of learning are taught, or show in any way that it was established, founded or instituted for the purpose of higher education.

The statement of the petition is that the petitioner, John L. Spaulding, catholic bishop of Peoria, holds the title. This is insufficient as a statement that the premises are the property of the school. In *Montgomery* v. *Wyman, supra*, it was further said: "The idea of ownership of property can only be connected with that which we call an institution of learning by means of the interposition of either a society or corporation or a trust. * * * In order such property shall be exempt from taxation it must be dedicated to a use favored by law, and it may thus be dedicated by being owned by an institution of learning which has a corporate existence which authorizes it to hold the title to property, or by having the title thereto vested in a trustee or trustees, solely for the uses and purposes of the institution of learning." The petition does not show that the petitioner holds the title in trust for the purposes and objects of the school, and on that ground the petition is insufficient.

There is another provision of said section 2 exempting all property of institutions of purely public charity, but the statements of the petition are not sufficient to exempt the property on that ground. The petition does not show that the institution is a public charity. In *People* v. *Seaman's Friend Society*, 87 Ill. 246, it was doubted whether that clause was intended to embrace any institution except such as is established and maintained by the State. That question was not decided, but it was said that if a broader construction could be given the statute it could only refer to corporations or institutions incorporated by the laws of the State.

The board of review of Peoria county erred in granting the petition, and its order is reversed.

*Order reversed.*

Mr. JUSTICE PHILLIPS, dissenting.