J. S. McCULLOUGH, Auditor,

*v.*

THE BOARD OF REVIEW OF LaSALLE COUNTY.

*Opinion filed June 21, 1900.*

TAXES—*what essential to exemption of property as an institution of
learning.* It is essential to the exemption of property from taxa-
tion as the property of an institution of learning, that the title
shall be in the institution of learning, or in some society, corpora-
tion or person holding, and authorized by law to hold, the title in
trust for the institution.  (*McCullough* v. *Board of Review of Peoria
County*, 183 Ill. 373, followed.)

APPEAL from the decision of the Board of Review of
LaSalle county.

E. C. Akin, Attorney General, (C. A. Hill, and B. D. Monroe, of counsel,) for the Auditor.

Duncan & Doyle, for the petitioner.

Per Curiam: The board of review of LaSalle county, on a petition filed by Thomas S. Keating, as agent for John L. Spaulding, catholic bishop of Peoria, held lots Nos. 5, 8 and the north half of 9, block 35, State's addition to the city of Ottawa, to be exempt from taxation. The conclusion of the board was based upon the following finding of facts: "That the real estate described in the complaint herein above mentioned is a part of the property of the institution of learning known as St. Columba's School for Boys, in the city of Ottawa; that the legal title to the real estate mentioned is in John L. Spaulding, catholic bishop of Peoria; that the school mentioned is conducted by said John L. Spaulding, bishop of Peoria, as an institution of learning; that the same is not leased by such institution or otherwise used with a view of profit; that it is immediately adjoining the school house building and is used by the scholars attending said school as a playing ground, and is necessary to said institution of learning as a constituent part thereof; that the school conducted on said premises is an absolutely free school, the scholars attending the same regardless of race, color or religion; that the school is conducted by said bishop of Peoria through his agent in the city of Ottawa, viz., Thomas S. Keating, rector of St. Columba's parish, in the city of Ottawa; that it is supported by voluntary contributions from the citizens of Ottawa; that it has been a free institution of learning for more than seven years last past, and that it is intended to maintain the same as such an institution for all time in the future." The petition alleged the title to the property to be in John L. Spaulding, catholic bishop of Peoria, for the use of the congregation of St. Columba's parish. The Au-

ditor of Public Accounts being of opinion the property was not exempt from taxation, certified his objections to this court.

The question presented is, whether the facts found by the board of review constitute grounds of exemption from taxation under the provision of the first clause of section 2 of chapter 120 of the Revised Statutes, entitled "Revenue," which provides, viz.: "All public school houses, all property of institutions of learning, including the real estate on which the institutions are located, not leased by such institutions or otherwise used with a view to profit," shall not be liable to assessments for taxation. The facts stated are not sufficient to bring the property within the description of a "public school house." (*Montgomery* v. *Wyman*, 130 Ill. 17; *McCullough* v. *Board of Review*, 183 id. 373.) Nor does it appear the said real estate is the property of an institution of learning. The legal title is in John L. Spaulding, as catholic bishop of Peoria, according to the finding of the board of review. If the statements of the petition as to the state of the title be accepted, the title rests in the said Spaulding as catholic bishop of Peoria, for the use, not of the said St. Columba's school, but of the congregation of St. Columba's parish of said church. It is essential to the exemption of property as being the property of an institution of learning, the title to the property shall be in the institution of learning or in some society or congregation holding, and authorized by law to hold, the title for the institution of learning, or in some person or corporation in trust for the said institution of learning. *Montgomery* v. *Wyman, supra; McCullough* v. *Board of Review, supra.*

The board of review was in error in ruling the property was not liable to assessment for taxation. The order of the said board is therefore reversed.

*Order reversed.*