The People *ex rel.* Charles P. Swigert, Auditor,

*v.*

William G. Anderson.

*Filed at Springfield May 14, 1886.*

1. Taxation—*exemption.* It may be regarded as a general rule that all property is liable to taxation for State, county and municipal purposes, except such as the General Assembly has seen proper by general law to exempt. Section 3, article 9, of the State constitution, does not exempt any property from taxation. It only authorizes the legislature, by a general law, to exempt certain property.

2. Same—*exemption of church property.* Church property, to be exempt from taxation, must be actually and exclusively used for public worship, and the land, of a reasonable size for the church building, must be *owned* by the congregation. If the congregation is not organized it can not own the property, and without such ownership the property is not made exempt.

3. Same—*proceeding to determine the question of exemption.* In a proceeding by the Auditor of Public Accounts, in the Supreme Court, to procure a reversal of an order of the board of supervisors declaring certain real estate exempt from taxation, the question of the regularity of the assessment by the local assessor is not involved, the only question being whether the property is subject to taxation.

This is an original proceeding instituted in this court by the Auditor, to procure the reversal and setting aside of an order of the board of supervisors of McLean county, holding certain property as exempt from taxation. The material facts are stated in the opinion.

Mr. GEORGE HUNT, Attorney General, for the People:

Primarily, all property in the State is liable to taxation. All laws exempting property from taxation, must be strictly construed. *People* v. *Cemetery Co.* 86 Ill. 336.

The State constitution (art. 9, sec. 3,) does not exempt any property from taxation. It merely authorizes the legislature to make such exemption, and that body is the judge of how and how far it will exercise the power.

Section 2 of the Revenue law fails to exempt this property from taxation, there being one requisite not met,—that is, the ownership of the property by a religious congregation. The property was assessed to the Christian church, but the name used is immaterial. It is only the liability of the property to taxation that can be submitted to this court in this proceeding. Rev. Stat. chap. 120, sec. 97, par. 3.

Messrs. TIPTON & BEAVER, for the appellee:

The assessment not having been made by the assessor, is void. *Railroad Co.* v. *Dennison,* 98 Ill. 355.

The rule is, that property can only be assessed by some competent person or persons designated by law to perform that duty, and any attempted assessment by any one else is null and void. Const. 1870, art. 9, sec. 1; *Bureau County* v. *Railroad Co.* 44 Ill. 229; Cooley on Taxation, 184.

The assessor having failed or refused to assess the property on the ground it was exempt, the town board had no power to assess it. *Mix* v. *People,* 86 Ill. 312.

This property not having been assessed by the assessor of this town, who is the officer provided by law for fixing the

valuation of this property for taxation, the action of the town board in such attempted assessment is a nullity. *Lyman* v. *People,* 2 Bradw. 299; *Howe* v. *People,* 86 Ill. 238.

The provision of the statute is, that the assessor shall determine the value of each tract of land, and set down in the books furnished, the value of each tract of land, for the benefit of the tax-payers, and a compliance therewith is essential to the validity of the tax. *Life Ins. Co.* v. *Pollock,* 75 Ill. 398; *Spencer* v. *People,* 68 id. 612.

William G. Anderson, the trustee, if not the congregation who were in actual possession of the same, should have had notice in writing of the action of the town board. *Darling* v. *Gum,* 50 Ill. 111; *Copham* v. *Postlewaite,* 43 id. 428; *Slat* v. *Drake,* 33 N. J. 194; *Butler* v. *Supervisors,* 26 Mich. 22; *Patten* v. *Grau,* 13 Cal. 325; Cooley on Taxation, 265, *et seq.*

Mr. JUSTICE CRAIG delivered the opinion of the Court:

At the July term of the board of supervisors of McLean county, begun and held in Bloomington on the 13th day of July, 1885, W. G. Anderson presented a petition to the board to vacate and set aside the assessment on lots 6, 7 and 8, in block 3, in the village of Colfax, which had been assessed for the taxes of 1885, on the ground that the property was exempt from taxation, being church property. The board, under section 97 of the Revenue law, decided that the property was exempt from taxation, and entered an order vacating the assessment. The county clerk, as provided by clause 3 of section 97, made out and transmitted to the Auditor a complete statement of the facts in the case, for his approval. The Auditor, upon an examination of the facts, did not approve the action of the board, and so notified the county clerk. Upon being informed of the action of the Auditor, the clerk served the proper notice upon Anderson, and the Auditor, under the provisions of the statute, has presented to this court a statement of the facts for our decision.

Under the statute, which provides for a proceeding of this character, the question as to the regularity of the assessment by the local assessor does not arise. The only question for determination is, whether the property was liable to be assessed for taxation, and that question we will consider.

It is claimed in the argument that the lots in question are church property, and, as such, are exempt from taxation, under the constitution and laws of the State. From the statement of facts it appears that the three lots were, on the first day of May, 1885, owned by William G. Anderson; that he had erected a meeting house on two of the lots, which was used exclusively for religious purposes; that Sabbath school was held in the church every Sunday, and preaching was had two Sundays in each month. It also appears that the "congregation worshiping at the church, and the name of the church, is the Christian church," but the congregation was not incorporated or in any manner organized. It also appears that the building had been dedicated as churches are usually dedicated by religious denominations. Under these facts, were the lots, with the building erected thereon, exempt from taxation.

The solution of this question must depend upon the construction to be placed upon the act of the legislature exempting certain property from taxation. It may be regarded as a general rule, that all property is liable to taxation for the purpose of raising revenue for State, county and municipal purposes, except such property as the legislature has seen proper, by the enactment of a general law, to exempt. Section 3, article 9, of the constitution of the State, makes provision for the enactment of a law exempting certain property from the burdens of taxation, in the following language: "The property of the State, counties, and other municipal corporations, both real and personal, and such other property as shall be used exclusively for * * * school, religious, cemetery and charitable purposes, may be exempted from

taxation; but such exemption shall be only by general·law." This provision of the constitution, as is apparent from its language, does not exempt any property, but only provides that the legislature may, by general law, exempt certain property from taxation. Under this provision of the constitution the legislature, in section 2 of the Revenue law, proceeded to determine what property might be exempt from taxation; and as to church property, the section provides that all church property actually and exclusively used for public worship, when the land (to be of a reasonable size for the location of the church building) is owned by the congregation. Here the property was actually and exclusively used for public worship, and it was of a reasonable size for the church building. So far, the property falls clearly within the terms of the act. But the act contains the further requirement that the property, in order to be exempt, must be owned by the congregation. This property was not owned by the congregation, but the title rested in W. G. Anderson. The congregation that assembled at this church for worship was not organized under the statute so as to own real estate, and had no power to purchase or own real estate; but if it had been an organized body, so long as Anderson owned the property it was subject to taxation. The fact that the building on the lots had been dedicated as a church, has no bearing on the question. The title to the property was not changed by the dedication, but it remained in Anderson, as it did before. Anderson did no act which changed the ownership of the property, and at any time he saw proper the congregation might have been excluded from the use of the property.

Under such circumstances, we could not hold that the property was exempt from taxation without disregarding the plain and obvious meaning of the legislature, which we have no right to do. If it had been desired to place the property in a position where it would not be subject to taxation, a religious society might have been organized under the statute,

and the property conveyed to it, or to some person in trust for such society. Had this been done, the action of the board might have been sustained, but as the title to the property remained in Anderson, it was liable to be taxed, and the action of the board was erroneous.

The decision of the board of supervisors of McLean county will be reversed, and the proceeding remanded.

*Judgment reversed.*