The Sisters of the Third Order of St. Francis, Appellant, *vs.* The Board of Review of Peoria County, Appellee.

*Opinion filed December 17, 1907.*

1. Taxes—*what is a public charity within meaning of statute exempting property from taxation.* A public charity, within the meaning of the statute exempting charities from taxation, is one which extends to all members of a community and is not confined to a particular class; and such an institution does not lose its immunity by reason of the facts that persons able to pay for the services rendered by it are required to do so or that it receives outside contributions, provided all money received is devoted to its charitable purpose and none is permitted to inure to the benefit of any private person managing the charity.

2. Same—*a hospital open to all is a public charity.* A hospital, not owned by the State or any municipal corporation, but which is open to all persons, regardless of creed, race or financial ability, except that persons having contagious diseases are not received, is a public charity, within the meaning of clause 7 of section 2 of the Revenue act, exempting property of institutions of public charity from taxation, provided all funds received by the hospital are devoted to its charitable purposes.

3. Same—*hospitals owned by municipal corporations are governed by clause 6 of section 2 of Revenue act.* Clause 7 of section 2 of the Revenue act, as amended in 1905, does not apply to hospitals owned by any municipal corporation, and such hospitals fall within the provision of clause 6 of said section exempting from taxation public buildings of any county, township, city or incorporated town, together with the ground, to the extent of ten acres, upon which they are erected.

4. SAME—*fact that percentage of charity patients is small does not affect character of a hospital as a charity.* The fact that the percentage of charity patients treated by a hospital is small as compared with those who pay for treatment does not affect the character of the hospital as a public charity, provided there are no obstacles thrown in the way which are designed to prevent charity patients from applying for treatment, and that all charity patients needing treatment are received, without discrimination as to creed, race or financial condition.

5. SAME—*when restriction as to physicians who may practice at hospital does not affect its character as charity.* The fact that the rules of a hospital provide that no physicians will be permitted to practice there except such as subscribe to and are governed by the principles of medical ethics promulgated by the American Medical Association does not affect the character of the hospital as being a public charity, so long as the hospital is not conducted for the benefit of physicians of that class and it appears that all reputable physicians are permitted to practice there.

6. SAME—*effect where nurses in training school connected with hospital receive valuable education.* The fact that nurses who are educated in a training school connected with a hospital receive training fitting them to pursue a profitable business for their private benefit does not affect the character of the hospital as a public charity, where the nurses are required to render assistance in caring for patients and in doing work in exchange for their board and instruction, and it does not appear that the value of what they receive is greater than the value of the services rendered.

AUDITOR'S certificate of appeal to review the decision of the Board of Review of Peoria county.

L. O. EAGLETON, for appellant.

W. H. STEAD, Attorney General, and THOMAS E. DEMPCY, (BARNES & BOULWARE, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

St. Francis Hospital, in the city of Peoria, is the property of the Sisters of the Third Order of St. Francis, a corporation. The board of review of Peoria county, upon a hearing, assessed the real estate used for hospital purposes

at the sum of $20,940 for the year 1907. The corporation, claiming the property to be exempt from taxation, appealed from the decision of the board of review, and the Auditor of Public Accounts has presented the case to this court.

Section 3 of article 9 of the constitution reads as follows: "The property of the State, counties, and other municipal corporations, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law." The seventh clause of section 2 of chapter 120, Hurd's Revised Statutes of 1905, specifying certain property as exempt from taxation, is in the following language: "All property of institutions of public charity, when actually and exclusively used for such charitable purposes, not leased or otherwise used with a view to profit; and all free public libraries." The question is, does St. Francis Hospital come within the purview of the statutory provision just quoted?

The Sisters of the Third Order of St. Francis was organized on January 2, 1880, in accordance with the act concerning corporations. It was organized not for pecuniary profit, but for the purpose of conducting hospitals and training schools for nurses. Its principal office is in the city of Peoria. Those women who become members of the corporation convey an absolute title to all their property, of every kind, to the corporation, and bind themselves to engage in nursing and caring for sick and injured patients in hospitals owned by the corporation during the remainder of their lives. For so doing they receive no pay or remuneration whatever, except board, clothing, and a room or other space in which to live in the hospital building. The corporation and the hospital are controlled by a board of managers selected from among the Sisters. All sick or injured persons not suffering from contagious diseases who seek admission at St. Francis Hospital are received, boarded, nursed and

cared for, so long as they need such attention, without reference to their creed, race or financial condition, and all are treated alike, except that those able to pay are given the more desirable rooms. Those who are without money or property are cared for without charge and are denominated "charity patients." Those who are able to pay are charged from $8 to $25 per week, the price being graded with reference to the location, size and general desirability of the room occupied by the patient. A number of patients are also treated annually who are public charges and who are sent to the institution by the supervisors of Peoria county, and are known as "county patients." For the care, board and nursing of these patients the county of Peoria pays $7 per week. The corporation has received, at various times, gifts and legacies from benevolent persons, and all monies received by it, from every source, are used in maintaining this hospital, and when there is a surplus over the cost of maintenance it is used in extending or adding to the buildings or in improving the facilities for caring for the sick. . The corporation has never paid any dividends or profits to any person whatsoever, and its purpose is never to do so.

The facts in reference to the training school conducted in this hospital are not clearly made to appear by the evidence, but as we understand the record, persons not members of the corporation who desire to become trained nurses are permitted to enter the hospital, where they are boarded and taught to perform the duties of their chosen calling in exchange for such assistance as they can give in doing the work of the institution.

Since January 1, 1906, and up to the time of the hearing before the board of review, the hospital has been receiving and caring for patients at the rate of about 1500 per year, about five per cent of whom were charity patients and about six per cent of whom were county patients.

In this hospital charity is extended to all the members of the community and is not confined to any particular class

of individuals.   It is an institution of public charity, and where an institution devoted to beneficence of that character is, under the law, exempt from taxation, it does not lose its immunity by reason of the fact that those patients received by it who are able to·pay are required to do so, or by reason of the fact that it receives contributions from outside sources, so long as all the money received by it is devoted to the general purposes of the charity, and no portion of the money received by it is permitted to inure to the benefit of any private individual engaged in managing the charity. *City of Philadelphia* v. *Pennsylvania Hospital,* 154 Pa. St. 9; *Sisters of Charity* v. *Corey,* 72 N. J. L. 426; *Contributors to Pennsylvania Hospital* v. *Delaware Co.* 169 Pa. 305; *McDonald* v. *Massachusetts Gen. Hospital,* 120 Mass. 432.

The appellee does not question the soundness of this proposition if St. Francis Hospital can, in any event or under any circumstances, be regarded as the property of an institution of public charity within the meaning of the statute. Our attention is called, however, to a doubt expressed in *People* v. *Seaman's Friend Society,* 87 Ill. 246, and repeated in *Catholic Knights* v. *Board of Review,* 198 id. 441, as to whether clause 7 of section 2, *supra,* as it existed prior to the amendment of 1905, was intended to embrace institutions of public charity other than such as have been founded and are maintained solely by the State.   In that clause as it stood prior to 1905, the word "purely," which was stricken out by the amendment of that year, appeared immediately before the word "public."   The amendment made no other change.   It is to be observed that the fifth clause of section 2, *supra,* exempts all property, of every kind, belonging to the State of Illinois, which would include institutions founded and maintained solely by the State, and that clause 6 of section 2, *supra,* exempts all public buildings belonging to any county, township, city or incorporated town, with the ground on which such buildings are erected, not exceeding, in any case, ten acres, which would include hospitals owned

and conducted by counties, cities and villages. It is true that if such a hospital stood on a tract greater in extent than ten acres the excess of the land would be taxable under clause 6, *supra.* That limitation, in so far as applicable to a hospital, merely indicates that the legislature regarded ten acres of ground as sufficiently extensive, in any event, for a location for a hospital owned by any of the named municipalities within the State. It would seem clear, therefore, that clause 7 was not intended to provide for the exemption of a hospital established and owned either by the State or by a city or village within the State, as such hospitals are exempted by earlier clauses of the section. We think St. Francis Hospital falls within the meaning of clause 7, *supra,* even though not owned by the State or a municipal corporation within the State.

It is then argued that this hospital should not be held to be an institution of public charity by reason of the great disparity between the number of charity patients and those who pay for the care and attention they receive at this institution. This objection seems to us without merit, so long as charity was dispensed to all those who needed it and who applied therefor, and so long as no private gain or profit came to any person connected with the institution, and so long as it does not appear that any obstacle, of any character, was by the corporation placed in the way of those who might need charity of the kind dispensed by this institution, calculated to prevent such persons making application to or obtaining admission to the hospital. The institution could not extend its benefactions to those who did not need them or to those who did not seek admission.

It is then urged that the institution is, in fact, being conducted, and this property used, for the benefit of certain physicians in the city of Peoria. This contention is based upon the fact that the board of managers of the corporation has established certain rules of government, by one of which rules no physicians are permitted to practice in the

hospital except such as subscribe to and are governed by the principles of medical ethics promulgated by the American Medical Association. It does not appear from this record what percentage of physicians practicing in the city of Peoria would be eligible under this rule. It does appear, however, from the testimony of those Sisters who are in actual management of the hospital, that they understand the rule permits all reputable physicians to treat patients in the institution and that but few physicians practicing in Peoria are excluded. The sisterhood does not provide medical attention. The patient is permitted to call any physician or surgeon he desires who is not excluded by the rule in question. When the patient is unable to pay for medical care he is treated free of charge by the members of the medical profession practicing in the hospital. The question whether or not this is an institution of public charity depends not at all upon what class of physicians are permitted to practice there, so long as the institution is not conducted for the purpose of benefiting the physicians of that class. A hospital is primarily for the benefit of the patient, and not the physician. Whether or not it is a charity is to be determined by the treatment which the patients receive at the hands of those in charge of the hospital. It is, of course, possible that a hospital might be established and conducted for the professional and financial benefit of certain physicians, and that it might make a pretense of receiving charity patients for the purpose of bringing itself within the statute exempting the property of institutions of public charity from taxation, but the evidence in this case clearly shows that no such state of affairs exists here.

It is also contended that the nurses who are educated in the training school conducted in the hospital receive training fitting them to pursue a profitable business for their private benefit, and that for this reason the hospital is not a public charity. It seems that the students in this training school receive board and instruction in exchange for assistance ren-

dered in caring for patients and in doing other work about the building. It does not appear that the value of that which they so receive is greater than the value of the service which they render, and there is therefore no merit in this contention.

We conclude that the property of this corporation is, within the meaning of our statute, property of an institution of public charity actually and exclusively used for such charitable purposes and not leased or otherwise used with a view to profit.

The decision of the board of review of Peoria county will be set aside and anulled.    *Decision set aside.*