THE BOARD OF REVIEW OF COOK COUNTY, Appellee, *vs.* THE PROVIDENT HOSPITAL AND TRAINING SCHOOL ASSOCIATION, Appellant.

*Opinion filed February 20, 1908—Rehearing denied April 9, 1908.*

This case is controlled by the decision in *Sisters of St. Francis v. Board of Review,* 231 Ill. 317.

AUDITOR'S certificate of appeal to review a decision of the board of review of Cook county.

This is an appeal by the Provident Hospital and Training School Association from the decision of the board of review of Cook county assessing for taxation for the year

1907 certain real property in the city of Chicago used by appellant for hospital purposes at the sum of $4412. The case has been presented to this court by the Auditor of Public Accounts.

Appellant is an Illinois corporation organized January 23, 1891, for the purpose of maintaining a hospital and training school for nurses in the city of Chicago, Illinois, for the gratuitous treatment of the medical and surgical diseases of the sick poor. On December 6, 1895, the property assessed for taxation was conveyed to the Illinois Trust and Savings Bank of Chicago, Illinois, in trust, the said premises and buildings thereon, and the proceeds thereof, if sold, to constitute a trust fund for charitable uses, to be applied to the maintenance of a hospital and training school for nurses, to be used for the gratuitous treatment of the medical and surgical diseases of the sick poor. The deed provides that the trustee shall permit the appellant to use said premises so long as it maintains the purposes of its incorporation and complies with certain other requirements made therein.

From the statement of facts certified by the clerk of the board of review it appears that the appellant has used and occupied the property exclusively for the purposes of its hospital and training school since the year 1897; that all persons, except those suffering with chronic or dangerously contagious diseases, who are in need of medical or surgical attention, who apply, are received into the hospital and treated and cared for without regard to whether they have means to pay for such care and treatment or not; that during the past five years there have been treated and cared for in said hospital from 900 to 1900 patients each year, and that approximately twenty per cent of these patients were persons without means, paying nothing whatever for the medicines, care, board or nursing furnished by appellant; that in connection with said hospital there is conducted a training school for nurses, wherein persons desiring to be-

come nurses are instructed and trained, and in return such persons (without other compensation) assist in the work done in the hospital. The appellant, in connection with the hospital, also conducts a medical dispensary, from which medicines are dispensed upon prescriptions furnished gratuitously by the medical staff of the hospital; that the hospital, training school, medical dispensary, and other incidental charities connected therewith, are maintained partly through contributions of money, food and other articles of value which may be used in and about said hospital, donated by charitable persons, and partly through the usual hospital charges made to patients who are able to pay for such care and attendance and a smaller charge made to those who are able to pay something but not the full rate; that the moneys received from paying patients are not sufficient to meet the actual running expenses of appellant, and that since its organization it has been conducted each year at a financial loss, which has been made up by voluntary contributions from its friends. The patients in the hospital who are treated free or for less than the regular rates receive from appellant the same treatment, care and food, in every respect, as the patients paying the full rate, except that the non-paying patients are treated in the wards by members of the hospital medical staff without charge, while paying patients are given private rooms and are permitted to select their own physician, whose fees they are required to pay. No part of such fees is received by the hospital. During the past ten years the nurses in said training school and hospital have been sent out into the community around and about the hospital to visit the families of the sick poor. Six hundred of such visits are made, on an average, each year, and for services of this character no charge is made by said hospital.

The board of review found that the hospital, with its training school for nurses and medical dispensary, is a *bona fide* general hospital; that it has no shares of stock and no

provision for making any dividends or profits; that it is not managed or conducted in the interest of any person or persons, and that no one makes any profit, directly or indirectly, out of it, "unless the facts hereinbefore stated shall be deemed to constitute making a profit;" that whatever money it receives, from any source, it has held in trust and devoted to the object of sustaining and operating its hospital and increasing its accommodations; that its funds are derived mainly from public and private charity, and its affairs are conducted for the purpose of administering to the comfort of the sick and needy, without partiality or distinction and without any expectation on the part of appellant of receiving any compensation which will inure to its own benefit, and that the order by said board finding said property subject to taxation was made solely because in its opinion the property of said corporation is not used exclusively for charitable purposes. It is contended by appellant that it is an institution of public charity, within the meaning of the statute and that its property is exempt from taxation.

Church & McMurdy, and Elmer E. Wagner, for appellant.

Harry A. Lewis, County Attorney, and William F. Struckmann, for appellee.

Per Curiam: This case cannot be distinguished from *Sisters of St. Francis* v. *Board of Review,* 231 Ill. 317. Upon the authority of that case the decision of the board of review of Cook county will be set aside and annulled.

*Decision set aside.*