THE GERMAN HOSPITAL OF CHICAGO, Appellant, *vs.* THE
BOARD OF REVIEW OF COOK COUNTY, Appellee.

*Opinion filed February 20, 1908—Rehearing denied April 9, 1908.*

TAXES—*property of German Hospital of Chicago is exempt as
property of a public charity.* The German Hospital of Chicago is
a public charity, and property owned by it and devoted exclusively
to such charity is exempt from taxation under clause 7 of section 2
of the Revenue act. (*Sisters of St. Francis* v. *Board of Review,*
231 Ill. 317, followed.)

AUDITOR'S certificate of appeal to review a decision of
the board of review of Cook county.

RUBENS, FISCHER & MOSSER, for appellant.

HARRY A. LEWIS, County Attorney, and WILLIAM F.
STRUCKMANN, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The property of the German Hospital of Chicago was
assessed for taxation by the board of review of Cook county.
The corporation appealed from the decision of the board
of review, and the Auditor of Public Accounts has certified
the case to this court.

Appellant contends that all of its property is exempt
from taxation under the constitution of the State of Illi-
nois and under the provisions of paragraph 7 of section 2
of the Revenue act.

It appears from the statement of facts certified to this
court, that all of the premises in question, together with all
buildings and improvements thereon, were on April 1, 1907,
owned and occupied by the German Hospital of Chicago,
which is a corporation not for profit, organized under the
laws of the State of Illinois. The object for which the cor-
poration was formed, as declared by its by-laws, is: "To
provide for all persons, without distinction of belief or re-

ligious profession, an asylum in cases of sickness or accident. The worthy poor shall receive the benefits of same free or at reasonable cost, and the well-to-do for such compensation as may be determined by the board of directors from time to time. Incidentally thereto it proposes to educate young women with the proper qualifications, as trained nurses, to take care of the sick." The by-laws provide for six classes of members, viz., passive, active, privileged, honorary, life and honorary life members, and defines each class, as follows:

"*First*—Any person or firm who contributes $5 or more a year is a passive member. After two successive annual payments such person or firm may, with the consent of the board of directors, become an active member.

"*Second*—Persons or firms contributing $25 or more annually are privileged members, and have the right to send one patient for free treatment to the hospital for each $25 contributed during the year, subject to the rules of the same.

"*Third*—Persons or firms that have donated $100 or more at one time are life members.

"*Fourth*—Any of the previous four classes of members who contribute not less than $10 annually may, upon the recommendation of the board of directors, be elected as honorary members. In case of a firm contribution only one of its members shall be eligible.

"*Fifth*—Persons or firms who have donated $500 or more shall be honorary life members; also such members as have served as directors. All members, except passive members, have a vote at any meeting of the society. Excepting in the case of life and honorary life membership all privileges are forfeited by the non-payment of the annual dues. Only honorary and honorary life members are eligible as directors."

The only source of income of appellant is from donations received from charitably disposed persons and receipts from patients who are able to pay for treatment received. The

fact certified shows that the hospital has no property whatever or business or income, except the hospital owned and maintained by it on the premises in question; that said hospital, ever since its erection, has been maintained at a loss and is still maintained at a loss financially; that there is every year a greater or less deficiency, which is made up by voluntary contributions from the friends of the hospital and from the public; that the hospital makes the usual and reasonable charge for its accommodations to patients coming to it who are financially able to pay, but that it receives all patients who apply, without reference to their financial circumstances or ability to pay its charges, and without distinction as to race, color or religion, or any other distinction; that it gives its services and accommodations without any charge whatever, and furnishes free medical attention to all patients coming to it who are unable to pay therefor; that to patients who have some means and are able to pay something but not its usual full rates it makes a small charge for the accommodations,—that is to say, it gives its services at less than actual cost to patients who, though they may be willing and able to pay something, are unable to pay the usual rates for such accommodations. And it appears from the facts found and certified in tabular form by the board of review as to the number of patients received each year during the past five years, the number treated free, the number treated for less than one dollar per week though not free, the number treated for one dollar per week or more but less than six dollars per week, and the number treated for six dollars per week or more but less than eight dollars per week, that a large proportion of the entire number of patients received are treated either free or at less than actual cost; and further, that patients who are treated free or who pay less than full rates are placed in the same wards with patients paying full rates, and receive the same treatment, care and food, in every respect, and the nurses and attendants at the hospital are not informed and have no way

of knowing which patients are treated free and which are paying full or part rates. The medical treatment of free cases differs in no way from that of pay patients, except that free cases are in no case treated in private rooms but are received as patients in the wards. The hospital receives patients suffering from all diseases, except chronic cases and those which are dangerously contagious, without distinction of sex, color, race or creed or their financial circumstances or ability to pay its charges. It makes inquiries as to persons seeking admission and claiming to be indigent to verify the truthfulness of their statements, but in no case is a patient ever refused treatment or compelled to await the result of such inquiries before being accepted; and police cases that may be brought to it by the police of the city of Chicago are always accepted, and a large number of such cases have been brought to the hospital and treated during the past five years. The hospital makes no charge to any patients for medical services. Its regular staff physicians are required to treat all charity patients at the hospital free. Patients other than free patients are attended by their own physicians, and the hospital has nothing whatever to do with the matter of physicians' fees and in no case receives any portion of the fees paid any physician. There are no physicians either among the incorporators of appellant or on its board of directors or among its regular patrons or contributors to its funds, and any regular medical practitioner of any commonly recognized school of medicine is privileged to send patients to the hospital and to attend and treat them there; and furthermore, the hospital makes no effort to induce patients to call members of its staff, and a great many physicians of the city of Chicago treat their patients at this hospital. The corporation has never paid a dividend or profit to any of its members and there is no provision under its organization for such payment.

The facts in this case bring this institution within the seventh clause of section 2 of chapter 120, Hurd's Revised

Statutes of 1905, which specifies certain property as exempt from taxation, as follows: "All property of institutions of public charity, when actually and exclusively used for such charitable purposes, not leased or otherwise used with a view to profit; and all free public libraries."

At the same term of court at which this case was submitted an opinion was handed down by this court in the case of *Sisters of St. Francis* v. *Board of Review of Peoria County,* 231 Ill. 317. The two cases are alike in all essential particulars. There is no question made in this case that has not already had our consideration in the case above referred to and has been decided adversely to the right of the board of review to assess this property. Under the holding in that case the German Hospital of Chicago is a public charity and not liable to taxation.

The decision of the board of review of Cook county will be set aside and annulled.                *Decision set aside.*