THE PEOPLE *ex rel.* John R. Thompson, County Treasurer, Appellee, *vs.* THE RAVENSWOOD HOSPITAL, Appellant.

*Opinion filed February 19, 1909.*

1. TAXES—*all facts necessary to exemption from taxation must be shown.* The right to enjoy exemption from taxation can only be established by strict proof of the existence of all the facts necessary to authorize such exemption.

2. SAME—*property of hospital corporation organized for profit is not exempt.* The property of a hospital corporation organized for pecuniary profit is not exempt from taxation as the property of a charitable institution notwithstanding the property has been actually and exclusively used for charitable purposes since the organization of the hospital, since the ownership of the property by an institution organized for charitable purposes is as essential to the right of exemption from taxation as is the use of the property for charitable purposes.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

CHARLES C. SPENCER, for appellant:

All property of institutions of public charity, when actually and exclusively used for such charitable purposes, not leased or otherwise used with a view to profit, is exempt from taxation. Hurd's Stat. 1905, chap. 120, sec. 2, clause 7.

Such property as may be used exclusively for agricultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation. Const. 1870, art. 9, sec. 3.

A hospital which is open to all persons, regardless of creed, race or financial ability, as is appellant, is a public charity. *Sisters of St. Francis* v. *Board of Review,* 231 Ill. 317; *Board of Review* v. *Provident Hospital,* 233 id. 242; *Board of Review* v. *Chicago Policlinic,* 233 id. 268; *German Hospital* v. *Board of Review,* 233 id. 246.

The property in question is the property of an institution of public charity actually and exclusively used for charitable purposes, and is exempt from taxation.

The form of organization of a corporation does not prevent its property from being exempt from taxation, provided the institution is conducted as an institution of public charity and its property used for charitable purpose.

HARRY A. LEWIS, County Attorney, and WILLIAM F. STRUCKMANN, for appellee:

The provision of the constitution authorizing exemption of property is not self-executing. The Revenue act, in addition to the use to which property is put, requires the test of ownership in determining questions of exemption. It is not sufficient that property be used exclusively for public charity, but it must be owned by or in trust for a society or corporation organized, not for profit, but as a public charity. Appellant is a corporation organized for profit, and it cannot claim exemption for its property even though

the actual use of the property is for public charities. *People* v. *Camp Meeting Ass.* 160 Ill. 576; *People* v. *Anderson*, 117 id. 50; *Catholic Knights* v. *Board of Review*, 198 id. 441; *McCullough* v. *Board of Review*, 183 id. 373; *Distilling Co.* v. *People*, 161 id. 101; *Montgomery* v. *Wyman*, 130 id. 17.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an application in the county court of Cook county by the county treasurer, *ex-officio* county collector, for a judgment for sale of the land of appellant for $452.04 general taxes of the year 1907. Appellant filed objections claiming that its property was exempt from taxation, as it was an institution of public charity and the property was actually and exclusively used for charitable purposes,—that is, for a public hospital, in which all persons applying for medical or surgical treatment were received, regardless of creed, race or financial ability. These objections were overruled.

The facts in this record show that the property has been actually and exclusively used for charitable purposes since the organization of the hospital, and it is conceded by appellee that if it is an institution properly organized for public charity, the use of the property in question would bring it within the doctrine announced by this court in *Sisters of St. Francis* v. *Board of Review*, 231 Ill. 317, *Board of Review* v. *Provident Hospital*, 233 id. 242, *Board of Review* v. *Chicago Policlinic*, 233 id. 268, and *German Hospital* v. *Board of Review*, 233 id. 246. In all of the cases just referred to the hospitals were corporations organized under the laws of Illinois not for pecuniary profit, while appellant in this case is organized as a corporation for profit. This property is claimed to be exempt under the seventh paragraph of section 2 of the Revenue act, (Hurd's Stat. 1908, p. 1748,) which reads: "All property of institutions of

public charity, when actually and exclusively used for such charitable purposes, not leased or otherwise used with a view to profit," etc. Appellee insists that not only must the property be actually and exclusively used for charitable purposes, but that the institution must be one of public charity, and that this institution cannot be so held, as it was organized for profit.

It is a general rule that all property is liable for taxation for the purpose of raising revenue, except such as the legislature may exempt by general law. (*People* v. *Anderson,* 117 Ill. 50.) In discussing the exemption of an institution of learning from taxation under a similar provision of the Revenue act, this court, in *Montgomery* v. *Wyman,* 130 Ill. 17, stated (p. 27) : "In order such property shall be exempt from taxation it must be dedicated to a use favored by law, and it may thus be dedicated by being owned by an institution of learning which has a corporate existence which authorizes it to hold the title to property, or by having the title thereto vested in a trustee or trustees solely for the uses and purposes of the institution of learning, and in either event it must not be used with a view to profit. It is not contemplated by the constitution or intended by the statute that property * * * owned by a corporation formed with a view to profits and dividends to be paid to the stockholders should be free from the burdens of taxation." The doctrine of this last case was quoted with approval in *McCullough* v. *Board of Review,* 183 Ill. 373, where it was held that one claiming property to be exempt from taxation must clearly bring such property within the provisions of the law, since all doubts are resolved against exemption. In *Distilling Co.* v. *People,* 161 Ill. 101, this court said (p. 103) : "It goes without saying that the purpose for which a corporation is organized must be ascertained by reference to the terms of its charter." In *Parks* v. *Northwestern University,* 218 Ill. 381, in reaching the conclusion that the Northwestern University was a char-

itable institution, this court gave as one of the reasons why it should be so considered that under its charter it had no power to declare dividends.  In *Catholic Knights* v. *Board of Review,* 198 Ill. 441, we held that a fraternal benefit society deriving its benefit fund from its members is not a charitable institution such as entitles it to exemption from taxation under the paragraph here under consideration, and we stated that the property, to be exempt, must not only be actually and exclusively used for charitable purposes, but it must also be the property of an institution of public charity. It would be a contradiction in terms to say that a corporation organized for gain and pecuniary profit is an institution of public charity.  It follows, of necessity, that the law requires that the property to be exempt must belong to and stand in the name of an institution organized for public charity as well as that the property shall be used actually and exclusively for such charitable purposes.  The right to enjoy exemption from taxation can only be established by strict proof of the existence of all facts necessary to authorize the exemption.  (*In re Walker,* 200 Ill. 566.)  The proof fails to show that this property is owned by an institution of public charity.  As was said by this court in *People* v. *Camp Meeting Ass.* 160 Ill. 576, on page 581: "However commendable may be the objects and purposes of the appellee as an incorporated company, we are unable to discover in the facts of this case any legal grounds upon which it can claim its property to be exempt from the common burdens of taxation."

The privilege of exemption from taxation was not established, and the county court rightly overruled the objections of appellant.

The judgment of the county court will be affirmed.

*Judgment affirmed.*