(No. 14286.—Judgment affirmed.)
THE PEOPLE *ex rel.* E. G. Williamson, County Collector, Appellee, *vs.* THE CITY OF TOULON *et al.* Appellants.

*Opinion filed December 22, 1921.*

1. TAXES—*county court may determine question of tax exemption.* Although property owners have the right to make application to the board of review for the purpose of having the board determine whether or not their property is exempt from taxation, this remedy is not exclusive, and the county court, upon the application of the collector for judgment for delinquent taxes, has jurisdiction to determine the question of exemption.

2. SAME—*constitution limits right of legislature to legislate on question of exemption.* The provision of section 3 of article 9 of the constitution for the exemption of certain property from taxation is a limitation upon the right of the legislature to legislate upon the question of exemption.

3. SAME—*a municipality must have legal or complete equitable title for property to be exempt.* Within the contemplation of the constitution municipal corporations must be the owners of the property before the same can be exempted from taxation, and the corporation must have such legal or complete equitable title to the property that it can be said to be the property of the municipality.

4. SAME—*when proposed park is not exempt.* The facts that citizens have organized a civic league, whose officers have taken title to certain property in their own names for the purpose of creating a public park, and that said owners are willing to deed the property to the city when they have collected unpaid subscriptions and finished improving the property, do not sustain the claim that the city is the owner of the equitable title to the property so as to exempt it from taxation, even though the present city authorities are willing to accept a deed and the city has spent some money in improving the property and joined in the suit to have it declared exempt, there being no written evidence of the alleged trust.

5. TRUSTS—*resulting trust arises only in favor of parties contributing to purchase of the property.* A resulting trust can arise only in favor of parties who have contributed to the purchase of or paid for the property in question.

APPEAL from the County Court of Stark county; the Hon. FRANK THOMAS, Judge, presiding.

T. W. HOOPES, for appellants.

F. B. BRIAN, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This was an application in the county court of Stark county by E. G. Williamson, county collector, for judgment for delinquent taxes against lots 1 and 4 and eighty feet of even width off the east end of lot 5 in block 6, and lots 2, 3 and 6 in block 7, all in the original town of Toulon, now city of Toulon, in said county. On a hearing the county court gave judgment against the property and ordered sale for the taxes, interest, costs, etc., and the city of Toulon, L. T. Jackson and M. B. Downend have prosecuted this appeal from that judgment.

The claim of appellants in the county court and here is, that the property is exempt from taxation because it is owned by the city of Toulon and is used exclusively for a public park, and appellants filed their specific objections on that ground, setting up in detail the facts on which they based their claim. The only question for decision is whether or not the property is exempt from taxation for the reasons aforesaid, and the preliminary question whether or not the county court had jurisdiction to pass upon the question. There is a stipulation in the record to the effect that all the necessary steps have been taken to subject the property in question to the tax levy if the property is subject to taxation and not exempt, and that the sole question presented by the objections filed herein is as above stated.

The facts appearing in the record are the following: Prior to October 2, 1919, the city of Toulon was without a public park. There was formed in the city a club known as the Civic League of Toulon. At a meeting of that club a proposition for establishing a city park was considered and a committee was appointed by its president to secure a city park, consisting of M. B. Downend, Fred Price, Fred

Davis, Nicholas Gibbs and L. T. Jackson. The property in question was agreed upon as territory for the park, and the committee instructed Downend and Jackson to take the title to the property in their names until the purchase was complete. Downend and Jackson, in pursuance of that understanding, took the title in their names by means of three separate deeds executed by the three different owners of the lots, all of which deeds were duly recorded in the recorder's office of said county in 1919. The deeds are all ordinary-form deeds made to Downend and Jackson in their individual capacities, so far as the deeds disclose, and without any recital therein as to the purposes for which the lots were deeded or that they were held in trust for said purposes. By the testimony of Jackson it further appears that $11,000 was secured by private subscriptions from the people in the city of Toulon and surrounding territory for the purchase and improvement of the lots as a public park. After the securing of the deeds the committee, by the use of said funds, removed the buildings that were on the property, employed a landscape man and improved and beautified the grounds for a park according to his plans. Jackson stated in his testimony that he and Downend held the title to the property as trustees for the city of Toulon; that they were ready and willing to convey the property to the city on request; that the park is for the use of the public without charge and without special privileges to anyone, and that no one is to receive a cent of revenue from the same. The park has been opened to the use of the public and has been so used for some time not definitely stated, and has no fence or enclosure. It further appears from the evidence that the city of Toulon on June 7, 1920, passed an appropriation ordinance by which the city appropriated $1000 "for the expense of maintaining a public park, to be known as the public park fund." While no name has as yet been given the park so far as this record shows, it does appear from the oral testimony that this appropriation was for the

park in question, as the city has no other park. The city
of Toulon has made improvements in the park by paying
the entire cost of a curb and gutter on two sides of it, the
cost of a four-foot cement sidewalk on the north side there-
of and the cost of repairing a walk on the west side thereof,
as well as the cost of a city water main running into the
park, which has plugs or hydrants in different parts thereof.
The city has also expended money in grading the park and
in mowing the grass and otherwise improving the same.
The appropriation ordinance was objected to by appellee,
and the court sustained the objection to its introduction on
the ground that it was not material. The ordinance and
the other acts on the part of the city were offered in evi-
dence on the theory that the evidence was material, as tend-
ing to show that the city had accepted and acted on the
proposition of the Civic League.

There is no instrument in writing showing that Jackson
and Downend hold the title to the park for the use of the
city, and there is no claim that the city has a deed to the
property. The city authorities knew all about the action of
the Civic League, and the inference drawn from the evi-
dence is that the city authorities spent the money they did
in improving the park (some $200 or more) upon the verbal
understanding that the park would be deeded to the city.
Upon being asked the question why he and Downend re-
tained the title to the property, Jackson answered as fol-
lows: "We retained the title for the reason that there is
outstanding about $3000 in unpaid subscriptions. That is
one reason. And we felt that if the park was turned over
to the city, delinquent subscribers might not feel the same
urgency about paying the subscriptions after the property
was turned over to the city. Another reason is, that the
landscape work required a little longer time than we had.
So far there are bills amounting to about $425 on the origi-
nal landscaping contract which are unpaid, and the com-
mittee had not sufficient funds on hand to liquidate these

bills. Another thing is, that the committee desired to install drinking fountains and also provide park benches or seats, and they have not collected sufficient funds to pay for those improvements. We wished to turn over the park as nearly complete as possible."

The objectors (appellants) had the right to make application to the board of review, under paragraph 6 of section 35 of the Revenue act, (Hurd's Stat. 1917, p. 2490,) for the purpose of having the board determine whether or not the property was exempt from taxation, and if the board determined the question against them, to have the decision of the board reviewed as provided by the statute. But this remedy is not exclusive. The question of exemption is determined before the county court upon application of the collector for judgment and order of sale. The two remedies are concurrent or cumulative, only, and the county court had jurisdiction of this proceeding. *Maxwell* v. *People,* 189 Ill. 546.

By section 3 of article 9 of the constitution it is provided that "the property of the State, counties, and other municipal corporations, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law." This provision is a limitation upon the right of the legislature to legislate upon the question of exempting property from taxation. (*People* v. *Deutsche Gemeinde,* 249 Ill. 132.) Within the contemplation of the constitution municipal corporations must be the owners of the property before the same can be exempted from taxation. Paragraph 6 of section 2 of the Revenue act, approved June 28, 1919, provides that "all property owned by any city or village located within the incorporated limits thereof; except as heretofore been leased or may hereafter be leased by such city or village to lessees who are bound under the terms of the lease

to pay the taxes on such property," shall be exempt from taxation. (Laws of 1919, p. 770.) By paragraph 9 of the same section "all market houses, public squares or other public grounds used exclusively for public purposes; all works, machinery and fixtures belonging exclusively to any town, village or city, used exclusively for conveying water to such town, village or city," shall be exempt from taxation. When interpreted in the light of the constitutional provision aforesaid, all of the foregoing property, to be exempt, must be owned by a municipal corporation by such title that it can be said to be the property of such municipality.

It is contended by appellants that the property in question is held by Jackson and Downend as trustees for the city of Toulon and that the equitable title of the park is in the city, and that such equitable title is sufficient to exempt the property from taxation, as it has been used and is being used exclusively as a public park. We would be quite willing to concede these propositions of appellants as true if the city had the complete equitable title. As we view this record the evidence fails to establish such a title. The oral agreement between Jackson and Downend and the other members of the Civic League of Toulon would be within the Statute of Frauds should the city undertake to have the property in question declared its property or that it is held by the now owners thereof in trust for the use of the city. So far as the record shows there has never even been so much as an oral agreement between the city and the present owners or any members of the league that Jackson and Downend should or would hold the title to the property in question for the city as a public park. The city has never passed an ordinance accepting or declaring as a public park the lots in question. If it may be said that there was a resulting trust in favor of anyone by Jackson and Downend taking title to the lots in their names it was not in favor of the city but in favor of the other contribu-

tors for the purchase of the lots, as a resulting trust can only arise in favor of parties who have contributed to the purchase of or paid for the property. The city has done nothing to indicate an acceptance of the property or a desire to become owner of the same and keep it up as a public park, except that it has voluntarily done some work on it in the way of improvements and has joined in this suit to have the lots declared exempt as a public park. In other words, there is no agreement or no state of facts in the record under which the city could compel a conveyance of the property or be compelled to accept a conveyance of it and keep it up as a public park. As the city is in no way bound to accept title to this property and continue it and keep it up as a public park, that, of itself, is sufficient to defeat the claim that the property is exempt as a public park of the city. The fact that the city authorities who were in authority when this suit was instituted are willing to accept a deed, if that much may be said, and the further fact that the Civic League and the present owners of this land indicate that they are willing to deed it to the city when they have finished the work of improving the property as they intend to do, are not sufficient to sustain the claim that the city is the owner of either the legal or equitable title to the property. If this property should be held to be exempt by the judgment of this court there would be nothing to estop or prevent the city, under the next administration of its officers, from refusing to accept a deed on behalf of the city and to bind it to incur further expense in keeping up the property as its park. Our conclusion must necessarily be, therefore, that the property is not exempt from taxation on the ground claimed and that the lower court properly so held.

The judgment of the county court is affirmed.

*Judgment affirmed.*