(No. 14972.—Judgment affirmed.)

THE PEOPLE *ex rel.* W. F. Wilson, County Collector, Appellee, *vs.* THE ST. MARY'S ROMAN CATHOLIC HOSPITAL OF CENTRALIA, Appellant.

*Opinion filed December 19, 1922.*

1. TAXES—*exemption statutes must be strictly construed.* All property is subject to taxation except such as may be declared exempt by statute under section 3 of article 9 of the constitution, and statutes declaring exemptions must be strictly construed against the exemption, and property claimed to be exempt must come clearly within the provisions of the general law.

2. SAME—*when property is exempt because used for religious purposes.* In order to be exempt from taxation because used exclusively for religious purposes under section 2 of the Revenue act, the property must be, in fact, used for such purposes.

3. SAME—*when hospital of church organization is not exempt.*
A hospital of a church organization is not exempt from taxation
where it is not used for religious purposes and was not owned by
a charitable organization at the time of the assessment for taxes
but was owned by the church organization; and the fact that the
hospital had been organized as a corporation does not exempt the
property on the ground that the hospital organization was the equitable owner.

APPEAL from the County Court of Marion county; the
Hon. W. G. WILSON, Judge, presiding.

NOLEMAN, SMITH & DALLSTREAM, for appellant.

CHARLES F. DEW, State's Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court
of Marion county overruling objections to the entry of a
judgment for taxes for the year 1921 extended against certain lands in Centralia, in said county, on which was situated the hospital now owned by appellant.

The title to the property in question on April 1, 1921,
was in a Catholic church organization of Centralia, the legal
name of which is, "Assumption of the Blessed Virgin Mary,
Roman Catholic Church of Centralia, Illinois." The church
organization was incorporated November 28, 1919, under
sections 46a to 46k of the act concerning corporations not
for pecuniary profit. (1 Hurd's Stat. 1921, pp. 826-829.)
Prior to that time the title had been in the bishop of the diocese. On April 8, 1922, the hospital was organized as a
corporation and the hospital property turned over to it by
the church organization.

We understand from the record that the hospital was
first constructed in 1908 from funds raised by public subscription and the proceeds of suppers given by the sisters of
the church. The original building cost about $16,600, exclusive of lighting, heating, plumbing and wiring, and a few

years thereafter an addition was built at a cost of about $13,000, exclusive of said items. It would also appear that other large and valuable improvements have recently been added to the hospital building. Rev. C. J. Eschmann testified on the hearing in the county court that he is the local parish priest and superintendent and one of the trustees of the hospital; that the organization is conducted under the management and care of the sisters known as the Poor Handmaids, who take care of all the sick that are brought, no matter of what color or means; that there are charity patients treated at the hospital, and no distinction is made between those who are not able to pay and those who are able, but all are treated the same; that some patients pay for higher-priced rooms than others; that about ninety per cent of the patients are not of the Catholic faith; that the sisters and the help are paid from the income of the institution and no one makes a profit; that all excess over the running expenses has been put into the improvement and enlargement of the institution. Sister Mary Arcadia testified that she is superior of the hospital; that as long as they have room they receive all classes of patients, rich and poor, regardless of race or color, except those suffering from contagious diseases; that no patient has ever been turned away on account of not being able to pay; that the only compensation received by the sisters is $10 per month for necessary clothing. She gave the various amounts charged for county patients, ward patients and patients in separate rooms, also for the use of the operating room. She testified that about twelve per cent of the patients are charity patients, and, as we understand it, this does not include those for whom arrangements had been made with the county authorities and for whom the county pays a comparatively small rate agreed upon.

Counsel for the State contends that the hospital property in question is property of the church not used for religious purposes and that charges are made for its use by

the public, and in the absence of its being chartered as a charitable institution without profit and severed from its relation with the church it is subject to tax, the same as a tenement house or church parish used for religious purposes; that under the reasoning of this court in *People* v. *Ravenswood Hospital,* 238 Ill. 137, there is no proof in the record to establish the right of appellant to have this property exempted.

Counsel for appellant argue that this case should be distinguished from *People* v. *Ravenswood Hospital, supra,* because in that case the property was owned by a corporation organized for pecuniary profit while in the present case the title to the property is actually in the church organization, and such corporation was by the act of 1919 given express power to own and conduct institutions of public charity of this character. They further contend that a hospital open to all persons, regardless of creed, race or financial ability, except those having contagious diseases, is a public charity within the meaning of clause 7 of section 2 of the Revenue act and is exempt from taxation, provided the funds received by the hospital are devoted to charity,—citing and relying on the reasoning of this court in *Sisters of St. Francis* v. *Board of Review,* 231 Ill. 317.

Section 2 of the Revenue act (2 Hurd's Stat. 1921, p. 2653,) provides that "all property described in this section, to the extent herein limited, shall be exempt from taxation, that is to say: * * * Second—All property used exclusively for religious purposes, * * * and not leased or otherwise used with a view to profit. * * * Seventh—All property of institutions of public charity, all property of beneficent and charitable organizations, * * * when such property is actually and exclusively used for such charitable or beneficent purposes, and not leased or otherwise used with a view to profit."

We have held that all property is subject to taxation except such as may be exempt by section 3 of article 9 of

the constitution. (*People* v. *City of St. Louis,* 291 Ill. 600.) We have also held that in order to be exempt from taxation because used exclusively for religious purposes, under section 3, the property must be, in fact, used for such purposes. (*People* v. *First Congregational Church,* 232 Ill. 158. See to the same effect, *First Congregational Church* v. *Board of Review,* 254 Ill. 220, cited with notes in 39 L. R. A. (N. S.) 437.) The recent case of *People* v. *Muldoon,* (*post,* p. 234,) states facts substantially such as are in this case and must control here. Under these decisions it must be held that the property was not held, at the time of the assessment of these taxes, for religious purposes and therefore cannot be exempt. If this property at the time of the levying of the taxes had been held by the hospital organization in question, a different question would be presented as to whether or not the property was exempt under clause 7 of section 2, as the property of a beneficent or charitable organization. Statutes declaring exemptions must be strictly construed against exemption and must come clearly within the provisions of the general law creating the exemption. *People* v. *Bennett Medical College,* 248 Ill. 608; *McCullough* v. *Board of Review,* 186 id. 15.

The argument of counsel for appellant is that the property, as a matter of right and justice, should be exempt because while at the time of the levying of the tax it was owned by the church organization it was equitably owned by the hospital organization. Under the reasoning of this court in *People* v. *City of Toulon,* 300 Ill. 408, where a somewhat similar question was raised and passed on, it must be held that the property in question is not exempt on the ground urged by appellant.

The judgment of the county court of Marion county will be affirmed.                              *Judgment affirmed.*